IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:25-cv-01022-MR

| | |
|---|---|
| JAMAL BULLOCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| LESLIE COOLEY DISMUKES[1], ) | |
| Secretary, North Carolina ) | |
| Department of Adult Correction, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Jamal Bullock (herein "Petitioner") on December 22, 2025. [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *In Forma Pauperis* filed the same date. [Doc. 3].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction ("NCDAC"), is now the proper Respondent.

I.  **BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina.[2] The Petitioner was convicted in Mecklenburg County Superior Court December 20, 2004, on two counts of robbery with a dangerous weapon and one count of felonious breaking and entering. [Doc. 1-1 at 1]. The state court continued Petitioner's sentencing hearing for these convictions to January 5, 2005. [Id.]. On January 5, 2005, Petitioner's three convictions were consolidated for purposes of sentencing, and he received an active 82 to 108 month term of imprisonment. [Id.]. Also on January 5, 2005, the Petitioner sustained two additional convictions for robbery with a dangerous weapon, which were consolidated for purposes of sentencing, and he received a second active 82 to 108 month term of imprisonment consecutive to his first such sentence. [Id.]. For purposes of this Order, the Petitioner's five convictions for which he was sentenced on January 5, 2005, will be referred to as Petitioner's "First Mecklenburg County Judgments."

On March 14, 2005, the Petitioner was convicted in Mecklenburg County Superior Court of two counts of robbery with a dangerous weapon and two counts of second-degree kidnapping. [Doc. 1-1 at 1]. Each robbery

---

[2] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0708943&searchOffenderId=0708943&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

conviction was consolidated with one of the kidnapping charges for sentencing purposes and the Petitioner received two consecutive active sentences of 107 to 138 months. [Id. at 1-2]. For purposes of this Order, the Petitioner's four convictions for which he was sentenced on March 14, 2005, will be referred to as Petitioner's "Second Mecklenburg County Judgments." The sentences imposed in the Second Mecklenburg County Judgments were ordered to run concurrently with the sentences imposed in the First Mecklenburg County Judgments. [Id. at 2]. The Petitioner filed no direct appeal to the North Carolina Court of Appeals from any of his convictions or sentences contained in any of his Mecklenburg County judgments.[3] The Petitioner has completed serving his time for every sentence contained in his Mecklenburg County judgments, the last of such sentences expiring on March 8, 2024. NCDAC Database at 3.

On June 30, 2005, the Petitioner was convicted in Onslow County Superior Court of one count of second-degree murder and one count of first-degree burglary. NCDAC Database at 3. The Petitioner's two convictions

---

[3] On his § 2254 petition form, the Petitioner checked the box indicating that he did file a direct appeal with regard to some of his Mecklenburg County cases. [Doc. 1 at 2]. Upon closer inspection, however, it appears the Petitioner was mistaken as those form entries reference post-conviction Motions for Appropriate Relief the Petitioner filed with the Mecklenburg County Superior Court. [Id.]. Further, a check of the North Carolina Court of Appeals on-line docketing system discloses no record of Petitioner filing a direct appeal from any of his cases contained in any of his Mecklenburg County judgments.

were consolidated for purposes of sentencing, and he received an active 305 to 375 month term of imprisonment (herein the "Onslow County Judgment"). [Id.]. The Petitioner is presently serving this term of imprisonment and has a projected release date of August 1, 2029. NCDAC Database at 1.

The Petitioner filed three post-conviction Motions for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. According to the state trial court, "[Petitioner] filed a MAR October 5, 2012, which was denied." [Doc. 1-1 at 2]. The Petitioner sought certiorari review of his first MAR denial in the North Carolina Court of Appeals which denied such review on February 27, 2013. Bullock v. State, No. P13-122 (N.C. App. 2013). "[Petitioner] filed a second MAR February 10, 2023, claiming his Prior Record Level was calculated incorrectly. It was denied." [Doc. 1-1 at 2]. The Petitioner sought certiorari review of his second MAR denial in the North Carolina Court of Appeals which denied such review on June 28, 2023. State v. Bullock, No. P23-298 (N.C. App. 2023). Petitioner filed a third MAR on January 5, 2024, which was denied January 23, 2024. [Id. at 1-2]. The Petitioner sought certiorari review of his third MAR denial in the North Carolina Court of Appeals which dismissed such request "due to unreasonable delay" on July 8, 2025. State v. Bullock, No. P23-298 (N.C. App. 2025).

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on December 22, 2025, contesting only the Second Mecklenburg County Judgments. [Doc. 1]. In his single ground for relief, Petitioner asserts a Sixth Amendment violation. Petitioner claims that the state trial court erroneously calculated his Prior Record Level by including a previous uncounseled misdemeanor conviction, for which he received active jail time, that enhanced his sentencing range for his convictions contained in the Second Mecklenburg County Judgments. [Doc. 1 at 5; Doc. 2 at 6].

## II. DISCUSSION

In reviewing a § 2254 petition, this Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district courts to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(b)(1), a federal district court may only entertain an application for writ of habeas corpus if the applicant is "a person in custody pursuant to the judgment of a State court[.]" Id. The Petitioner in this matter is indeed an applicant, however, he is no longer in custody pursuant to any of the convictions contained within the Second Mecklenburg County Judgments, the judgments presently under attack. The last prison sentence Petitioner served under the Second Mecklenburg County

Judgments expired March 8, 2024, nearly two years before the Petitioner commenced this action. See, Maleng v. Cook, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because that prior conviction could be used to enhance the sentences imposed for any subsequent crimes of which he is convicted). Accordingly, the Petitioner is not "in custody" under any of the Second Mecklenburg County Judgments[4] and the Court, therefore, is without subject matter jurisdiction to proceed.

Because the Petitioner's specifically challenged state court judgments have terminated, Petitioner's instant action challenging the now-expired sentences contained within the Second Mecklenburg County Judgments would provide him with no relief and therefore this action must be dismissed.

### III. CONCLUSION

The Court will dismiss the Petitioner's § 2254 Petition for Writ of Habeas Corpus and this action.[5] Further, based on Petitioner's Affidavit in

---

[4] The Petitioner vehemently asserts that he is challenging only the Second Mecklenburg County Judgments. "In light of Meck. Co error in the prior-record level designation in turned caused Onslow Co. to error as well there for their determination was solely based off of Meck. Co., but Petitioner is NOT bringing the errors of Onslow Co. before this Court at this time." [Doc. 2 at 7 (errors uncorrected)].

[5] While the Court is dismissing this action on jurisdictional grounds because the Petitioner is no longer in custody pursuant to his challenged state court judgments, the § 2254 petition appears to be subject to dismissal on a different jurisdictional ground as well, namely its untimeliness. 28 U.S.C. § 2244(d)(1).

6

Case 3:25-cv-01022-MR   Document 6   Filed 03/05/26   Page 6 of 8

Support of Request to Proceed In Forma Pauperis [Doc. 3], and his Inmate Trust Account Statements [Doc. 4], the Court is satisfied that Petitioner is indeed indigent and should be allowed to proceed *in forma pauperis*. The Court will grant Petitioner's IFP motion. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court will decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED for lack of subject matter jurisdiction.**

2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 3] is **GRANTED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability.

4. The Clerk of Court is respectfully requested to substitute Leslie Cooley Dismukes as the Respondent in this action.

5. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: March 5, 2026

*[Signature]*

Martin Reidinger
Chief United States District Judge

8

Case 3:25-cv-01022-MR    Document 6    Filed 03/05/26    Page 8 of 8